UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY STROBEL,

    Plaintiff,

vs.                                                                                                       Case No. 11-11684

ANDY DILLON, State Treasurer in his                                           HON. AVERN COHN
official capacity as Treasurer of the
State of Michigan, BILL SCHUETTE, in
his official capacity as Attorney General
for the State of Michigan,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**STAYING PROCEEDINGS ON PLAINTIFF'S MOTION FOR RELIEF FROM**
**JUDGMENT (Doc. 21)**

**I.  Introduction**

**A.  Preliminary**

This is a case under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. Plaintiff Stanley Strobel, presently on parole, was formerly a state prisoner. Plaintiff is also a former employee of General Motors Corporation (GM). Plaintiff retired from GM with a monthly pension benefit in the amount of $3,160.00[1] which he receives from Fidelity. As will be explained, the State Treasurer, a defendant in this case, brought an action against plaintiff in state court under the State Correctional Facility Reimbursement Act, (SCFRA), M.C.L. § 800.401, to recover the

---

[1]There is a discrepancy in the record as to the amount of the pension benefit. Plaintiff's complaint states a monthly amount of $3,160.00. A document filed by the State Treasurer in state court states a monthly amount of $2,835.37.

costs of his incarceration which involved freezing his assets, including his pension benefits.  While the state court case was pending, but a day before a final judgment was entered, plaintiff filed suit in federal court, essentially claiming that the state's attempt to recoup the costs of incarceration via his pension violates ERISA.  Plaintiff named as defendants Andy Dillon, in his official capacity as State Treasurer, and Bill Schuette, Attorney General for the State of Michigan, also in his official capacity.  The two count complaint claimed an ERISA violation under Count I and sought injunctive relief based on ERISA under Count II.  The Court dismissed the complaint on the grounds that plaintiff's claims were barred by Rooker-Feldman and res judicata.  (Doc. 19).

Before the Court is plaintiff's motion for relief from judgment.  As will be explained, plaintiff is entitled to the relief he seeks.  This is so because the Court did not take into account the fact that an injunction was entered in 2008 against the State of Michigan barring it obtaining pension benefits from any GM pension plan under the SCFRA, Gale v. General Motors, 556 F. Supp. 2d 689 (E.D. Mich. 2008).  Neither plaintiff's former counsel nor, more importantly, defendants made the Court aware of the Gale decision.

## B.  Ruling

As will also be explained, a ruling on the motion is STAYED pending resolution of an appeal in a similar case, Robbennolt v. Washington, 2013 WL 4670013 (E.D. Mich. Aug. 30, 2013).

## II.  Background

2

In order to fully understand plaintiff's motion, it is necessary to set forth the background of the Gale decision, plaintiff's case, and the Robbennolt case.

### A. Gale

In 2003, the Michigan State Treasurer filed an action in the Circuit Court for Cheboygan County against Gale, an inmate in a state correctional facility, seeking obtain his pension benefits under the GM Pension Plan. A Final Order was entered in the Circuit Court, on October 20, 2003, ordering Gale to notify GM that all pension benefits should be mailed to his correctional facility and further ordering the warden to make monthly distributions to the State of Michigan equal to 90% of Gale's pension benefits. The Order also provided that if Gale failed or refused to notify GM, then the warden was ordered to notify GM.

In October, 2006, Gale filed a Motion for Relief of Judgment in the Circuit Court contending that the Sixth Circuit decision in DaimlerChrysler v. Cox, 447 F.3d 967 (6th Cir. 2006), invalidated the Circuit Court's 2003 Order. In Cox, the Sixth Circuit held that notices and order issued under SCFRA that required monthly pension checks be sent to the prison over a prisoner's objection violated ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1) (generally providing that plan benefits may not be assigned or alienated).

On November 9, 2006, the Circuit Court denied Gale's Motion. Prior to January 1, 2007, benefits payable to Gale from the GM Pension Plan had been forwarded to the warden at his correctional facility.

On December 26, 2006, based on Cox, Gale sued GM and the Michigan State Treasurer in this district seeking relief from having his pension benefits involuntarily

3

taken by the State of Michigan. Gale v. General Motors, No. 06-15710 (E.D. Mich. 2006). Due to the conflict between the Sixth Circuit and the Michigan Supreme Court's decision in State Treasurer v. Abbott, 468 Mich. 143 (2003), GM sought a declaration that the SCFRA violated provisions of ERISA to the extent it allowed the State of Michigan to involuntarily attach or assign monthly pension benefits. In addition, starting January 1, 2007, GM suspended all payments of retirees' pension benefits being sent to prison facilities.

In response to GM's Counterclaim and Crossclaim, the State Treasurer pointed out that the plaintiff in Gale had complied with the state court order and directed GM to change his address. The district court referred the case to a magistrate judge for pre-trial matters. On March 24, 2007, the magistrate judge issued a Report and Recommendation (MJRR) addressing GM's Motion for Declaratory Judgment. The MJRR summarized the relief sought by GM:

> Here, in the administration of its pension and retirement programs, GM claims it needs guidance from this Court regarding the payment of benefits to Plaintiff and to similarly situated retirees (Dkt. # 28, p. 2). GM therefore seeks a declaration that prior to pension benefits being suspended, it had no liability for forwarding pension benefits to Plaintiff's prison address in accordance with the state court order entered by the Circuit Court for Cheboygan County and in reliance on the Michigan Supreme Court's decision in State Treasurer v. Abbott, 468 Mich. 143, 660 N.W.2d 714 (2003), cert. denied, 540 U.S. 1112, 124 S.Ct. 1038, 157 L.Ed.2d 901 (2004). Further, GM seeks a declaration that under the holding in DaimlerChrysler future pensions benefits should be forwarded pursuant to Plaintiff's instructions.

556 F. Supp. 2d at 702.

The magistrate judge also noted that in Cox, the Sixth Circuit held that the state court orders requiring that pension benefits be sent to the warden resulted in a prohibited alienation of benefits under ERISA and were void:

> The Sixth Circuit rejected petitioner's argument that the orders and notices did not result in a prohibited alienation of benefits because the state court order only directed the warden to send notices, but did not directly require DaimlerChrysler to do anything. Id.  The court observed that DaimlerChrysler sought a declaration as to whether it must comply with the wardens' notices and reasoned that to hold that DaimlerChrysler had to comply with the notices would create a legal obligation enforceable against the plan before distribution. Accordingly, the court concluded that the notices were void to the extent that they directed DaimlerChysler to send benefits to an account controlled by the warden, because such a directive would constitute an alienation of plan assets.

556 F.Supp.2d at 704.

The magistrate judge further noted that Gale, unlike the prisoners in Cox, complied with the State Court Order and notified GM of the change of address, further held that this involuntary change of address also violated the anti-alienation provisions of ERISA:

> The Sixth Circuit's conclusion that the orders and notices would effect a prohibited alienation, insofar as they require the plan to send pension payments to the inmates' prison accounts, is reinforced by the overall operation of the statutory scheme in this case. SCFRA provides for the state court, after considering the inmate's moral and legal obligations to support his dependents, to order the inmate to reimburse the state for the costs of his incarceration in an amount up to 90% of the inmate's assets. Moreover, the specific orders in this case were actions initiated by the Attorney General under SCFRA for the specific purpose of obtaining an allocation to the State of up to 90% of the inmates' pension benefits. The state court then ordered the inmate to instruct his Pension Plan to pay benefits into his prison accounts, under the control of the State, to satisfy the state court's award. And if he failed to do so, the warden is instructed to send the order and notices to the Pension Plan directing it to do so. From start to finish, then, the proceedings under SCFRA were directed in substance toward a court-ordered redirection of the inmate's pension benefits by the pension plan to the state. That result is prohibited by ERISA's anti-alienation provision.

556 F. Supp. 2d at 707 (footnote omitted).  Additionally the magistrate judge recognized that GM had suspended the payment of pension benefits and was seeking further direction from the Court:

5

> GM also seeks a declaration that pension benefits held in suspension commencing January 1, 2007, and pension benefits payable in the future should be forwarded to the address designated by Plaintiff, or should continue to be held in suspension at his direction. This is precisely the relief the Sixth Circuit and lower court granted DaimlerChrysler in deciding its motion for declaratory judgment.

556 F.Supp.2d at 707.

In fashioning relief, the magistrate judge set forth a form of declaratory relief which would bar the State of Michigan from seeking future pension benefits or reimbursement under SCFRA:

The district court adopted the MJRR in its entirety.  The order adopting the MJRR set forth the following directives:

> IT IS FURTHER ORDERED that the Orders, Notices and Michigan State Treasurer's requests to General Motors and/or the GM Hourly Rate Employees Pension Plan (or its administrator) under SCFRA are hereby declared PREEMPTED by ERISA and void, to the extent the Orders, Notices and/or SCFRA directs GM and/or the Pension Plan to send or make payments of Plaintiff's Pension Plan benefits to any address or account other than as designated by the Plaintiff who is the Participant under the terms of the Plan. IT IS FURTHER ORDERED that any Action or Order (including the Notices) which the State of Michigan may seek in the future for payments or reimbursements by GM and/or the Pension Plan (or its administrator) under SCFRA is hereby declared PREEMPTED by ERISA and void to the extent that any such Order and/or SCFRA either (1) directs GM and/or the Pension Plan (or its administrator), or directs a correctional facility Warden (or his or her representative) to direct GM and/or the Pension Plan (or its administrator), to send or make payments of Plaintiff's Pension Plan benefits to any address or account other than as designated by the Plaintiff who is the Participant under the terms of the Pension Plan, or (2) otherwise orders GM and/or the Pension Plan (or its administrator) to make surrogate payments, reimbursements or pay damages to or on behalf of the State of Michigan for Plaintiff's Pension Benefits for Plaintiff's Pension Benefits not sent to Plaintiff's prison address. IT IS FURTHER ORDERED that the State of Michigan is precluded from attempting to enforce any Order and/or Notice to GM and/or the Pension Plan (or its administrator) and any future similar Orders and/or Notices by seeking orders of contempt against GM and/or the Pension Plan (or its administrator) to the extent such enforcement efforts would run contrary to this Court's rulings as stated hereinabove.

556 F. Supp. 2d at 692.  The State of Michigan did not appeal the Gale decision.

## B.  This Case

In May 2010, plaintiff was sentenced to two to fifteen years incarceration following a conviction for involuntary manslaughter.  In late 2010, the State Treasurer, through the Attorney General's office, brought an action under SCFRA in Gladwin County Circuit Court state court seeking an ex parte order to freeze plaintiff's assets, including the bank account where plaintiff's pension check was being deposited, and to appoint a receiver.  On November 5, 2010, the state court entered a show cause order, giving plaintiff until January 25, 2011 to show cause "why an order should not be entered appropriating and applying [plaintiff's] assets to reimburse the State of Michigan for the cost of his confinement in a state correctional facility . . . and . . . show cause why he should not be ordered to notify General Motors Corporation of his current legal address at the State correctional facility where he is confined for purposes of receiving pension benefits."  The show cause order also stated that

> . . . If [plaintiff] objects to the State's request for an order indicating his legal address for purposes of receiving funds for deposit into his only legal bank account, or to the State's claim to 90% of his assets, then before the scheduled hearing date he shall provide this Court and the Attorney General's office with a written response explaining te reasons for the objection.

The show cause hearing was adjourned several times.

On April 18, 2011, the day before the show cause hearing, plaintiff filed a complaint in federal court, claiming that the state's attempt to reach his pension benefits under SCFRA violates ERISA.

Plaintiff also filed a written answer on the date of the show case hearing in state court, April 19, 2011, denying that the state was entitled to his pension benefits under

ERISA.  In the answer, plaintiff also explained the filing of the federal complaint, as follows:

> . . . [plaintiff] has sought to have this matter litigated in the United States District Court for the Eastern District of Michigan and have filed suit, entitled Strobel v. Dillon, et al., being case number 2:11-cv-11684.  This suit has been commenced prior to any order(s) being entered in this case to prevent application of Rooker-Feldman doctrine.

Also on April 19, 2011, the state court issued a Final Order, stating in relevant part that:

> During the period of his incarceration [plaintiff's] legal address is the Michigan correctional facility in which he is currently confined, currently the West Shoreline Correctional Facility.
> Within one week of being served with a copy of this Order, [plaintiff] is ordered to notify Fidelity that all pension benefits shall be mailed by check made payable to him at he West Shoreline Correctional Facility, and within one week of any transfer to a different facility, he shall notify Fidelity of his new prison address.

The Final Order further provided that if plaintiff refused to comply with the notification provision and directs that his pension payments be paid to his power of attorney, the power of attorney is required to direct payment in the amount of 90% to the correctional facility and 10% to plaintiff.  The Final Order does not direct GM or Fidelity to take any action whatsoever with regard to plaintiff's pension payment, nor were they parties to the state court action.

The state court's Final Order became effective on May 10, 2011, 21 days after its entry.  See M.C.R. 2.614(A)(1).  Plaintiff's right to appeal the Final Order expired on that same date.  See M.C.R. 7.101(B)(1)(a).  Plaintiff did not appeal the Final Order in the state courts.

Although plaintiff disclosed the filing of the federal complaint in his response to

8

the show cause order, he did not serve defendant with the complaint until July 6, 2011, almost three months after entry of the Final Order. Once served, defendants filed a motion to dismiss.

As noted above, the Court granted defendants' motion to dismiss. See Doc. 19 at pp. 13-19). Significantly, none of the motion papers mention Gale.

### C. Robbennolt

On May 11, 2006, the Shiawassee Circuit Court issued an order requiring Robbennolt, a state prisoner, to comply with SCFRA. The state court order directed Robbennolt to notify General Motors (GM) to mail his pension benefits to his prisoner address. The Shiawassee Court denied Robbennolt's Motion for Relief from Judgment in 2010. Robbennolt, proceeding pro se, sued the warden at his facility claiming that the warden was unlawfully garnishing his pension benefits from GM. Robbennolt v. Washington, No. 12-13168 (E.D. Mich.). The case was assigned to another judge in this district.

The district court, adopting the magistrate judge's report and recommendation, granted defendant's motion for summary judgment on the grounds that (1) Robbennolt's claims are barred by Rooker-Feldman and (2) SCFRA is not pre-empted by ERISA. Robbennolt v. Washington, 2013 WL 4670013 (E.D. Mich. Aug. 30, 2013).

A few months after the case was dismissed, in December of 2013, Robbennolt, now represented by the same counsel who represents plaintiff in this case, filed a motion for relief from judgment, presenting essentially the same arguments as in this case. Robbennolt argued that the holding in Gale controls and the State of Michigan may not attach or obtain his benefits under a federal taxqualified employee pension

benefit plan. Defendant responded, as defendants do in this case, that <u>Gale</u> was not controlling, that the Court lacks jurisdiction to entertain Robbennolt's claims under the <u>Rooker-Feldman</u> doctrine, and that res judicata bars this action. Robbennolt argued, as plaintiff does in this case, that <u>Gale</u> controls, that the <u>Rooker-Feldman</u> doctrine does not apply to this case because Robbennolt's injuries do not flow from the state court judgment, and that res judicata does not bar this action.

On October 20, 2014, the district court granted the motion, explaining:

> Plaintiff moves for relief pursuant to Federal Rule of Civil Procedure 60(b)(3), which allows relief due to an opposing party's fraud, misrepresentation, or misconduct. Alternatively, Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). Federal Rule of Civil Procedure 60(b)(6) is a catch-all that allows the Court to relieve a party from a final judgment or order for any reason that justifies relief. First, the Court will analyze the jurisdictional hurdles Plaintiff must overcome.
> The Court previously granted Defendant's unopposed Motion for Summary Judgment [9] partly on the basis that the Court lacked jurisdiction under the Rooker-Feldman Doctrine. The <u>Rooker–Feldman</u> doctrine divests lower federal courts of jurisdiction to review state court judgments. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). "The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" <u>Lance v. Dennis</u>, 546 U.S. 459, 460 (2006) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus</u>. Corp., 544 U.S. 280, 284 (2005). "If the source of the injury is the state court decision, then the <u>Rooker-Feldman</u> doctrine would prevent the district court from asserting jurisdiction. [However, i]f there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." <u>McCormick v. Braverman</u>, 451 F.3d 382, 393 (6th Cir.2006).
> In his Motion to Vacate [18], Plaintiff argues that his injury flows from the State of Michigan actions in contempt of Judge Rosen's Order in <u>Gale</u> and not from the Shiawassee Court's Order itself. In <u>Gale</u>, Judge Rosen ordered that
>> Orders, Notices and Michigan State Treasurer's requests to General Motors and/or the GM Hourly Rate Employees Pension Plan (or its administrator) under SCFRA are hereby declared PREEMPTED by ERISA and void, to the extent the Orders, Notices and/or SCFRA directs GM and/or the Pension Plan to send or make payments of Plaintiff's Pension Plan benefits to any

10

> address or account other than as designated by the Plaintiff who is the Participant under the terms of the Plan.
>
> . . .
>
> any Action or Order (including the Notices) which the State of Michigan may seek in the future for payments or reimbursements by GM and/or the Pension Plan (or its administrator) under SCFRA is hereby declared PREEMPTED by ERISA and void to the extent that any such Order and/or SCFRA either (1) directs GM and/or the Pension Plan (or its administrator), or directs a correctional facility Warden (or his or her representative) to direct GM and/or the Pension Plan (or its administrator), to send or make payments of Plaintiff's Pension Plan benefits to any address or account other than as designated by the Plaintiff who is the Participant under the terms of the Pension Plan, or (2) otherwise orders GM and/or the Pension Plan (or its administrator) to make surrogate payments, reimbursements or pay damages to or on behalf of the State of Michigan for Plaintiff's Pension Benefits for Plaintiff's Pension Benefits not sent to Plaintiff's prison address.

Gale, 556 F. Supp.2d at 692. The first excerpted paragraph declares pre-existing notices to GM as void and preempted by ERISA, while the second paragraph declares prospective notices to GM as void and preempted by ERISA. Therefore, by not withdrawing its notice of the Shiawasee Court's Order from GM, the State of Michigan was acting in contempt of Judge Rosen's Order. Therefore, the source of Plaintiff's injury is a third party's actions, not the state court decision, and Plaintiff asserts an independent claim herein. McCormick, 451 F.3d at 393. The Rooker-Feldman doctrine, therefore, does not divest this Court of jurisdiction to hear Plaintiff's case.

     In Abbott v. Michigan, 474 F.3d 324 (6th Cir. 2007), the Sixth Circuit rejected a similar argument to the one Plaintiff makes here. In Abbott the Court summarily explained that plaintiffs only ostensibly complained of injuries caused by third parties where the third-party actions were a direct and immediate result of state court SCFRA orders. The intervening effect of the Gale order quoted above materially distinguishes this case from how Rooker-Feldman applied in Abbott. The Gale order directly addresses the specific third-parties relevant to this case—the State of Michigan and GM—whereas, in Abbott there was no standing declarative order incumbent upon all of the relevant third-parties. The Gale order voids any notices from the State of Michigan to GM—including in the form of a state-court order notifying GM of a prisoner-pensioner's legal address.

     Defendant argues that res judicata bars Plaintiff's claims in this case. Plaintiff argues that res judicata is not a defense to violation of an injunctive or declarative order. Alternatively, Plaintiff argues that the Court should refuse to apply the doctrine of res judicata if it would result in manifest injustice. Plaintiff's alternative argument prevails.

     Federal courts do not rigidly apply res judicata and the Court has the

>discretion to not apply the doctrine where doing so would result in manifest injustice. United States v. LaFatch, 565 F.2d 81, 84 (6th Cir. 1977). Since 2008, the State of Michigan has been subject to a declaration that its attempts to confiscate prisoners' GM pension benefits are void and preempted by ERISA. The Court is satisfied that a manifest injustice would occur if Defendant used res judicata to avoid compliance with the declarative order in Gale.

(Doc. 22). The district court also reopened the case and ordered defendant to disgorge all pension benefits previously confiscated and prohibited defendant from obtaining any future pension benefits.

Defendant timely appealed the district court's decision. Robbennolt v. Washington, No. 14-2433. A review of the Sixth Circuit and district court's docket sheets reveals that the Sixth Circuit has held the appeal in abeyance pending a decision by the district court on defendant's motion to amend or correct the judgment. The day after filing a notice of appeal, the defendant filed a motion to amend or correct the judgment, essentially arguing that the district judge erred because Robbennolt advised GM to change his address and therefore he "voluntarily" agreed to assign his benefits to the State of Michigan under SCFRA. The district court recently denied defendant's motion. Thus, Robbennolt's appeal is now proceeding.

### III. Legal Standard

Fed. R. Civ. P. 60(b)(3) allows party to be relieved from a judgment or order under circumstances where the judgment or order results from fraud or misrepresentation: "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct." Plaintiff also moves under Fed. R. Civ. P. 60(b)(6) which allows for relief "for any reason that justified relief."

### IV. Analysis

The analysis and conclusion in Robbennolt is correct. The district court fully articulated why defendant's arguments fail and why plaintiff is entitled to relief under Rule 60. To what was said in Robbennolt, the Court adds the following.

Relief under Rule 60(b)(3) is appropriate because defendants should have informed the Court that they were under the order in Gale not to attempt to obtain pension benefits from prisoners. Defendants' failure to bring the Gale decision to the attention of the Court, besides being troubling, resulted in an erroneous dismissal of the complaint and has affected the fairness of the litigation.

Moreover, relief under Rule 60(b)(5) is warranted due to extraordinary circumstances. Since 2008, the State of Michigan has been under a federal court order to cease and desist its practice of involuntarily attaching pension benefits payable to prisoners, including plaintiff.

Defendants, however, argue that its actions have not violated the order in Gale because neither the state nor the warden directed GM where to send benefits. Defendants further say that Gale does not apply because plaintiff directed where to send his pension benefits. This argument lacks merit. Here, as in Gale, the warden did not notify GM to send payments to the prison address. Rather, the prisoners themselves notified GM of their change in address only because a state court ordered them to do so. The state court order was issued only because the State of Michigan asked that it be entered. Rather, it appears that defendants found a way to evade Gale by petitioning a state court.

While the Court is convinced that plaintiff is entitled to relief, the better course is to stay proceedings pending the outcome of the appeal in Robbennolt. The Sixth Circuit

13

will consider the impact and interplay between the decisions in Gale, Cox and Abbott. Its ruling will be dispositive of plaintiff's case. Robbennolt and plaintiff are represented by the same counsel who shall promptly advise the Court when the Sixth Circuit rules on Robbennolt's appeal.

    One final point. The Court sympathizes with plaintiff's counsel who has expressed a desire to find out whether the State of Michigan has taken similar actions against other prisoners with respect to their pensions in contravention of Gale. However, such a request, however well-taken, is premature in light of the appeal in Robbennolt.

    SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: March 31, 2015
       Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 31, 2015, by electronic and/or ordinary mail.

    S/Sakne Chami
    Case Manager, (313) 234-5160